BRIAN S. ARBETTER
ba@sedbetter.com
SEDDIGH ARBETTER LLP
26 Broadway, Suite 934
New York, NY 10004
(917) 267-8033

Attorneys for Plaintiff
EMERY LEON MITCHEM, JR.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMERY LEON MITCHEM, JR., an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>NEW YORK UNIVERSITY, a New York corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | CASE NO. 1:23-cv-07320<br><br>COMPLAINT FOR:<br><br>1. EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF US TITLE VII;<br>2. UNLAWFUL EMPLOYMENT RETALIATION IN VIOLATION OF US TITLE VII;<br>3. EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF NEW YORK STATE EQUAL PAY LAW (NYSEPL);<br>4. VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW;<br>5. VIOLATION OF TITLE IX BY DISCRIMINATION IN EDUCATION PROGRAM RECEIVING FEDERAL FINANCIAL ASSISTANCE;<br>6. BREACH OF EMPLOYMENT AGREEMENT;<br>7. UNPAID WAGES IN VIOLATION OF US FAIR LABOR STANDARDS ACT (FLSA);<br>8. UNPAID WAGES IN VIOLATION OF THE NEW YORK LABOR LAW;<br>9. DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF NEW YORK EXECUTIVE LAW SECTIONS 296(6) AND 297(9);<br>10. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>11. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS |

-1-

COMPLAINT

COMES NOW Plaintiff Emery Leon Mitchem, Jr. ("Plaintiff" or "Mitchem") and alleges as follows:

## THE PARTIES

1. Plaintiff Mitchem is an individual resident and citizen of California.

2. Defendant New York University ("NYU") is, and at all material times, was a non-profit educational entity incorporated and authorized to do business in New York, with principal place of business located at 70 Washington Square South, 11th Floor, New York, NY 10012.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants Does 1 through 20, inclusive, and each of them, are unknown to ACN, who therefore sues said defendants by said fictitious names. When the identities and capacities of DOES 1 through 20, inclusive, become known to Plaintiff, he will amend his Complaint. The term "defendants," as used herein, shall include each of said fictitiously-named defendants.

4. Plaintiff is informed and believes, and thereon alleges, that certain other defendants were the agents, employees and representatives of certain of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each said defendant has ratified and approved the acts of his, her or its agents, employees and representatives, and that each actively participated in, aided and abetted, or assisted one another in the commission of the wrongdoing alleged in this Complaint.

## VENUE AND FEDERAL DIVERSISTY JURISDICTION AND FEDERAL SUBJECT MATTER JURISDICTION

5. At all relevant times, Defendants employed Plaintiff, extended an offer of employment to Plaintiff and terminated Plaintiff's employment in New York (Manhattan),

-2-
COMPLAINT

New York – New York County. At all relevant times, Defendants maintained and operated business locations, including but not limited to an office in which Plaintiff worked, in New York (Manhattan), New York – New York County. Upon information and belief, Defendants are educational programs and/or institutions which receive federal financial assistance. On information and belief, all material events alleged in this Complaint occurred in New York (Manhattan), New York – New York County. Accordingly, venue and geographical jurisdiction in New York, New York – New York County is appropriate.

6. Complete diversity exists because Defendants are corporate citizenx of New York, while Plaintiff is currently a citizen of California.

7. The amount in controversy exceeds $75,000. Thus, there exists federal diversity jurisdiction. See 28 USC Section 1332

8. Also, causes of action in this Complaint arise under US federal law, specifically Title VII and the FLSA. Thus, there exists federal subject matter/question jurisdiction. This Court has subject matter jurisdiction over these federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b). This Complaint also alleges violations of New York law. This Court has jurisdiction over these state law claims pursuant to its supplemental jurisdiction, 28 U.S.C. § 1367(a).

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Defendants hired Plaintiff on September 13, 2021 to be and as Intramural Director of NYU Athletics at NYU's New York campus. Defendants promised Plaintiff that he would remain employed as long as he satisfactorily performed the duties of Intramural Director.

10. At all relevant times, Plaintiff performed all duties of the position of Intramural Director to a satisfactory and above satisfactory level.

11. In July 2022, Plaintiff learned that although his title and level were to have

been that of Director, Defendants had been paying him less than the amount they paid other similarly situated Directors.

12. Upon information and belief, Plaintiff was the only Intramural Director whose race is African-American.

13. Plaintiff promptly informed Defendants' Human Resources department and requested to be made whole retroactively and prospectively.

14. Defendants' Human Resources department informed Plaintiff that it was "an error in the system" and that he should be paid at the Director level. They instructed Plaintiff to request a review by his management to have it remedied. Plaintiff subsequently did so.

15. In response, Plaintiff's management told him that they only made him a Director because "you are Black" and that he should "not make waves". They further told him that they purposely did not and would not pay him the same as other Directors and had hoped he would not find out. Significantly, they offered no legal explanation as to why he was being paid less than other non-African American Director level employees.

16. Subsequent to this meeting, Defendants unlawfully retaliated and stripped Plaintiff of his Director title and unilaterally downgraded it to Coordinator. One of Plaintiff's managers told him that although he was rated a 4 out of 5 in performance review, they were going to change it down to a 3 just to make sure that Plaintiff could never transfer out of his department and challenge any further.

17. Defendants created an unlawful hostile work environment for Plaintiff based on his race.

18. At no time then or since, did Defendants pay Plaintiff a wage similar to other similarly situated non-African American Directors. Yet, at all relevant times, even following these meetings, Plaintiff was continued to be required to perform all duties of a Director level employee. Defendants communicated this to Plaintiff orally and in writing. Defendants also continued to publicly introduce Plaintiff to third parties as "Director".

19. Defendants informed Plaintiff that he was being treated differently because of his race and skin color.

20. Plaintiff made multiple requests for the pay differential he had not been paid

and to have it fixed going forward. Defendants refused every time.

21. Defendants also informed Plaintiff that he had been denied promotions due to his race and the fact that he complained about unequal pay.

22. Defendants failed to pay Plaintiff for his accrued but unused paid time off.

23. Also, Defendants failed to pay Plaintiff any sum of money, including even minimum wage, for time he worked with their knowledge and approval following the last date they paid.

24. In 2023, Plaintiff filed an administrative charge with the US Equal Employment Opportunity Commission. On May 19, 2023, the EEOC issued to Plaintiff a right to sue letter.

25. Plaintiff has suffered damages due to Defendants' unlawful conduct in excess of $750,000.

## FIRST CAUSE OF ACTION
**(EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF US TITLE VII)**

26. Plaintiff hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 25, inclusive.

27. US Title VII of the Civil Rights Act of 1964 prohibits an employer from taking an adverse employment action or creating an unwelcome hostile environment based on an employee's race. See 42 USC 2000e, et seq.

28. As alleged above, Defendants' conduct regarding Plaintiff's unequal pay and employment violated this law and caused Plaintiff harm and damages.

29. In addition to compensatory and liquidated damages and legal costs and fees, Plaintiff is entitled to punitive damages because Defendants' conduct was willful, extreme, malicious and/or reckless.

## SECOND CAUSE OF ACTION

**(UNLAWFUL EMPLOYMENT RETALIATION IN VIOLATION OF US TITLE VII)**

30. Plaintiff hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 29, inclusive.

31. Title VII prohibits an employer from retaliating against an employee for complaining about violations of Title VII. See 42 USC 2000e, et seq..

32. As alleged above, Defendants' conduct regarding Plaintiff's employment violated this law and caused Plaintiff harm and damages.

33. In addition to compensatory and liquidated damages and legal costs and fees, Plaintiff is entitled to punitive damages because Defendants' conduct was willful, extreme, malicious and/or reckless.

## THIRD CAUSE OF ACTION

**(EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF NEW YORK STATE EQUAL PAY LAW (NYSEPL))**

34. Plaintiff hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 33, inclusive.

35. The New York State Equal Pay Law prohibits an employer from paying employees differently based on, among other things, race.

36. As alleged above, Defendants' conduct regarding Plaintiff's employment violated this law and caused Plaintiff harm and damages.

37. In addition to compensatory and liquidated damages and legal costs and fees, Plaintiff is entitled to punitive damages because Defendants' conduct was willful, extreme, malicious and/or reckless.

## FOURTH CAUSE OF ACTION

### (VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW)

38. Plaintiff hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 37, inclusive.

39. The New York Human Rights Law prohibits an employer from discriminating or harassing an employee based on, among other things, race. See NY Human Rights Law Sections 291 and 296, et seq..

40. As alleged above, Defendants' conduct regarding Plaintiff's employment violated this law and caused Plaintiff harm and damages.

41. In addition to compensatory and liquidated damages and legal costs and fees, Plaintiff is entitled to punitive damages because Defendants' conduct was willful, extreme, malicious and/or reckless.

## FIFTH CAUSE OF ACTION

### (VIOLATION OF TITLE IX BY DISCRIMINATION IN EDUCATION PROGRAM RECEIVING FEDERAL FINANCIAL ASSISTANCE)

42. Plaintiff hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 41, inclusive.

43. US Title IX prohibits education programs and institutions which receive federal financing assistance from discriminating based on race.

44. As alleged above, Defendants' conduct regarding Plaintiff's employment violated this law and caused Plaintiff harm and damages.

45. In addition to compensatory and liquidated damages and legal costs and fees, Plaintiff is entitled to punitive damages because Defendants' conduct was willful, extreme, malicious and/or reckless.

## SIXTH CAUSE OF ACTION

## (BREACH OF EMPLOYMENT AGREEMENT)

46. Plaintiff hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 45, inclusive.

47. As set forth above, Plaintiff's employment was pursuant to an express and implied employment agreement that he would be paid at the level of Director and that as long as he continued to do a good job, he would not be terminated without good cause. His continued performance at and above a satisfactory level, as well as statements made to him by Defendants, supported and evidenced this contract.

48. By underpaying Plaintiff and by creating an intolerable hostile environment, Defendants violated and breached this agreement. Defendants' conduct in this regard caused Plaintiff harm and damages.

## SEVENTH CAUSE OF ACTION

## (UNPAID WAGES IN VIOLATION OF US FAIR LABOR STANDARDS ACT (FLSA))

49. Plaintiff hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 48, inclusive.

50. The US Fair Labor Standards Act (FLSA) requires employers to pay all employees a minimum wage for all time spent working, and requires payment of all wages promised or customarily paid with an employment position. See 29 USC 201, et seq.

51. As alleged above, Defendants' conduct regarding Plaintiff's employment violated this law and caused Plaintiff harm and damages.

52. In addition to compensatory damages and legal costs and attorneys' fees, Plaintiff is entitled to recovery of liquidated damages in an amount equal to doubling of the underlying monies not paid him by Defendants.

## EIGHTH CAUSE OF ACTION

**(UNPAID WAGES IN VIOLATION OF THE NEW YORK LABOR LAW)**

53. Plaintiff hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 52, inclusive.

54. The New York Labor Law requires employers to pay all employees a minimum wage for all time spent working, and requires payment of all wages promised or customarily paid with an employment position.

55. As alleged above, Defendants' conduct regarding Plaintiff's employment violated this law and caused Plaintiff harm and damages.

56. In addition to compensatory damages and legal costs and attorneys' fees, Plaintiff is entitled to recovery of liquidated damages in an amount equal to doubling of the underlying monies not paid him by Defendants.

## NINTH CAUSE OF ACTION

**(DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF NEW YORK EXECUTIVE LAW SECTIONS 296(6) AND 297(9))**

57. Plaintiff hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 56, inclusive.

58. New York Executive Law Sections 296(6) and 297(7) prohibit an employer from discriminating against employees based on race.

59. As alleged above, Defendants' conduct regarding Plaintiff's employment violated this law and caused Plaintiff harm and damages.

60. In addition to compensatory and liquidated damages and legal costs and fees, Plaintiff is entitled to punitive damages because Defendants' conduct was willful, extreme, malicious and/or reckless.

## TENTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

57. Plaintiff hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 56, inclusive.

58. Defendants' conduct alleged herein was outrageous and in disregard for the probability that their conduct would cause Plaintiff emotional distress. Defendants intended to and did in fact inflict emotional distress on Plaintiff. Defendants' conduct was a substantial factor in causing severe emotional distress to Plaintiff.

## ELEVENTH CAUSE OF ACTION

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

59. Plaintiff hereby realleges and incorporates herein in full the allegations contained in paragraphs 1 through 58, inclusive.

60. By engaging in the above conduct, Defendants engaged in negligent conduct and willfully violated a statutory duty. As a result, Plaintiff suffered emotional distress. Defendants' conduct was a cause of Plaintiff's emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against each of the Defendants, as follows:

1. For backpay;
2. For front pay;
3. For compensatory damages, including but not limited to all monies that should have been paid to Plaintiff but were not;
4. For liquidated damages;
5. For punitive damages;
6. For costs of suit, including but not limited to attorneys' fees;

7. For interest; and

8. For pursuit of such other, further and different relief as may be necessary, as may be later pled or claimed, and/or as the Court deems proper and just.

Respectfully submitted,

DATED: August 17, 2023

By: _____
BRIAN S. ARBETTER
Attorneys for Plaintiff Emery Leon Mitchem, Jr.