# JacksonLewis

**Jackson Lewis P.C.**
44 South Broadway, 14th Floor
White Plains NY  10601
(914) 872-8060 Direct
(914) 946-1216 Fax
jacksonlewis.com

June 13, 2024

*VIA ECF*

Hon. Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

**Re:    Emery Leon Mitchem, Jr. v. New York University, a New York Corporation, and Does 1 through 20, inclusive**
**Case No.: 1:23-cv-07320 (JMF)**

Dear Judge Furman:

On behalf of Defendant New York University ("Defendant NYU") and Plaintiff Emery Leon Mitchem, Jr. ("Plaintiff"), we submit this joint letter in accordance with Your Honor's June 10, 2024 Order (Dkt. 30) requesting a status letter prior to the scheduled pretrial conference on June 18, 2024.

1. The parties request the pretrial conference to be held as scheduled on June 18, 2024 and are additionally available on June 20, 2024 between 10 a.m. and 1 p.m. and on June 21, 2024 between 10 a.m. and 3 p.m.  If, however, the Court approves the discovery schedule proposed below, a conference may not be necessary.

2. Pursuant to the Case Management Plan, the deadline for fact discovery was May 29, 2024, and the current deadline for a motion for summary judgment is June 28, 2024.  A Joint Pretrial Order is due within thirty days of any decision on any dispositive motions. The parties further requested that, if necessary, expert discovery pertaining only to damages occur after a ruling on Defendant NYU's motion for summary judgment.  However, as explained below, the parties request that the deadline for the completion of fact discovery be extended as there are still outstanding discovery issues.

3. While there are no outstanding motions, Your Honor has issued an Order (Dkt. 29) withholding judgment on Defendant NYU's May 13, 2024 proposed discovery schedule (Dkt. 28) in light of Plaintiff's counsel's representation that he would be moving to withdraw as counsel.  Plaintiff filed a motion to substitute counsel today.

**JacksonLewis**

Hon. Jesse M. Furman, U.S.D.J.
June 13, 2024

4. Additional discovery is required. On February 29, 2024, Defendant NYU served document requests and interrogatories on Plaintiff's prior counsel. Plaintiff's prior counsel did not respond to those requests, did not provide authorizations for the release of medical records, did not provide Plaintiff's availability for his deposition, and has not served discovery requests.

Plaintiff's new counsel was retained yesterday, appeared today, conducted a meet and confer with Defendant's counsel today, and requested that Defendant consent to allow Plaintiff to conduct discovery. Defendant is willing to consent provided that Defendant is not prejudiced by the extension in any way.

The parties, therefore, propose the following discovery schedule:

a. Deadline for Plaintiff to serve responses to previously served discovery demands and authorizations for the release of medical records: July 11, 2024;

b. Deadline for Plaintiff to serve discovery demands: July 11, 2024;

c. Fact discovery shall be complete by: December 11, 2024.

In the event the Court denies the parties' request for additional time for discovery more broadly, Defendant NYU respectfully requests that the Court order Plaintiff to respond to Defendant NYU's timely served document requests and interrogatories and to sit for his deposition in person to avoid prejudice to Defendant from Plaintiff's failure to comply with the case management plan. Defendant further submits that Plaintiff should be precluded from seeking emotional distress damages due to his failure to provide Defendant with authorizations for the release of medical records by the Court's deadline.

In the event the Court denies the parties' request for additional time for discovery, Plaintiff respectfully requests that the Court hold a conference before granting any of Defendant's requested sanctions so that we can be fully heard on this issue. In brief, Plaintiff should not be denied the right to conduct discovery or have his damages curtailed due to his prior counsel's failure to meet deadlines over which Plaintiff himself had no visibility or control; Plaintiff's new counsel will adhere to all discovery deadlines and move this case forward expeditiously as we do in all cases. Defendant has not even produced all of the documents identified in its Fed. R. Civ. P. 26(a) disclosures and should not be permitted to move for summary judgment when it has not produced all documents. Nor would it be appropriate to prohibit Plaintiff from seeking at least garden variety emotional distress damages even if the Court does not allow time for medical record discovery.

**JacksonLewis**

Hon. Jesse M. Furman, U.S.D.J.
June 13, 2024

5. On April 30, 2024, the parties participated in a Court-mandated mediation session before a volunteer mediator. The mediation session was approximately six hours, but the parties did not reach a resolution.

6. The parties request a settlement conference before a Magistrate Judge to facilitate settlement.

7. This case is to be tried by a jury, and the estimated length of trial is five days.

8. Both parties anticipate filing a motion for summary judgment.

The parties thank the Court for its time and consideration.

Respectfully submitted,

*[signature]*

Susan D. Friedfel
Jill Chow
914-872-8027
Susan.Friedfel@jacksonlewis.com
Jill.Chow@jacksonlewis.com
JACKSON LEWIS P.C.
*Counsel for Defendant*

*[signature]*

Zoe A. Salzman
Ariadne M. Ellsworth
212-763-5000
zsalzman@ecbawm.com
aellsworth@ecbawm.com
EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
*Counsel for Plaintiff*

The pretrial conference will be held, but is hereby RESCHEDULED to **June 21, 2024**, at **10:00 a.m.** The call-in information remains the same. The Court reserves judgment on the discovery matters raised herein pending the conference.

SO ORDERED.

*[signature]*

June 14, 2024