# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

MONDAIRE JONES
VASUDHA TALLA

ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
LAURA S. KOKOTAILO
SONYA LEVITOVA
SARAH MAC DOUGALL
HAFSA S. MANSOOR
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER
RACHAEL WYANT

**Plaintiff's letter-motion is largely DENIED, substantially for the reasons stated in Defendant's response,** *see* **ECF No. 48, except that Defendant shall produce all documents concerning complaints that are "conceivably related" to race discrimination or harassment on the basis of race, even if they are not complaints for race discrimination** *per se.* **See** *Chen-Oster v. Goldman, Sachs & Co.*, **293 F.R.D. 557, 562-64, 568 (S.D.N.Y. Oct. 15, 2013). The parties shall meet and confer and attempt to reach agreement on appropriate search terms and other next steps consistent with this Order.**

August 20, 2024

**The Clerk of Court is directed to terminate ECF No. 46. SO ORDERED.**

**By ECF**
Hon. Jesse M. Furman
U.S. District Judge
Southern District of New York

August 26, 2024

   Re: *Emery Mitchem, Jr. v. New York University, et al.*, 23-CV-7320 (JMF) (KHP)

Your Honor:

   This is an employment race discrimination case alleging a hostile work environment and pay inequity. Following an unsuccessful meet and confer with defendant NYU on August 2, we write on behalf of the plaintiff Emery Mitchem to seek discovery into all complaints of employment discrimination and harassment against Stuart Robinson, the former Director of Athletics at NYU and plaintiff's boss, in response to Document Request No. 17. Discovery is currently set to close on October 10.

   NYU hired Mr. Robinson despite knowing he was publicly sued for violating Title IX at SUNY New Paltz. *See Student v. State University of New York*, No. 18-CV-444, ECF No. 1 (S.D.N.Y. Feb. 16, 2018),[1] Defendant also knew that Mr. Robinson was continuing his unfettered harassment at NYU. The limited discovery we have received to date reveals that at least 6 other people aside from Mr. Mitchem filed discrimination complaints against him over less than three years, Defendant 000213, 797, 829, and "countless women [went] to HR to report [Robinson's] behaviors."[2] According to witnesses interviewed by NYU's Office of Equal

---

[1] *See* Ania Keenan, *NYU knew about allegations against former Athletics Directors, source says*, WASHINGTON SQUARE NEWS (Oct. 9, 2023), https://nyunews.com/news/2023/10/09/nyu-knew-about-allegations-against-former-athletics-director/ ("Shortly after former athletics director Stuart Robinson was hired by NYU, a former student athlete at the State University of New York, New Paltz, said she called NYU's Title IX office about his behavior.").

[2] Ania Keenan, *How Stuart Robinson's misconduct went overlooked for years*, WASHINGTON SQUARE NEWS (Oct.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

Opportunity ("OEO"), Mr. Robinson bragged about squashing Mr. Mitchem's and others' complaints. *See* Defendant 000797-803, 825-830. Robinson was eventually fired from NYU in September 2023 after an OEO investigation found that he had created a hostile work environment for Mr. Mitchem and other Black employees. Defendant 000212-231.

Faced with this record of repeated complaints, Defendant has only agreed to produce complaints of race discrimination and is improperly withholding complaints against Robinson for all other forms of discrimination and harassment. All complaints against Robinson are relevant to plaintiff's hostile work environment claim and discoverable to rebut Defendant's defenses and prove punitive damages.

1. **NYU's Mishandling of Complaints Rebuts its Defenses.**

"[C]ourts typically apply more liberal civil discovery rules in employment discrimination cases, giving plaintiffs broad access to employers' records in an effort to document their claims." *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 562 (S.D.N.Y. 2013) (cleaned up).[3] Whether requested documents are relevant is a fact-specific inquiry. *See Milan v. Sprint Corp.*, No. 16-CV-4451, 2018 WL 1665690 (E.D.N.Y. Apr. 6, 2018).

Plaintiff is entitled to discovery to refute defenses asserted in this case. *See* Fed. R. Civ. P. 26(b)(1). Defendant asserts that it is not liable because it has "a specific policy against unlawful discrimination and harassment in the workplace and such policy is well-known to employees." Answer, ECF No. 19 ¶ 75. But NYU's anti-discrimination policies are only as good as their enforcement and every indication is that NYU let Stuart Robinson run roughshod for almost three years and took no action to discipline him or protect employees from him despite numerous and varied discrimination complaints. NYU's investigation into these complaints and failure to enforce its anti-discrimination policies is relevant to rebut its defense. *See Ri Sau Kuen Chan*, No. 3-CV-3003, 2004 WL 1886009, at *4 (S.D.N.Y. Aug. 23, 2004) (defendant's treatment of other complainants "highly relevant in demonstrating how Defendants dealt with such complaints"); *Austin v. City & County of Denver ex rel. Bd. of Water Comm'rs*, No. 05-CV-01313, 2006 WL 1409543, at *3, *8 (D. Colo. May 19, 2006) (compelling production of "*any and all* investigations of workplace disputes" where defendant relied on "reasonable care" as an affirmative defense (emphasis added)).[4] Courts in this district often order discovery of discrimination complaints across a company; here, we seek only the complaints against Mr. Robinson. The same considerations and principles that warrant "broader discovery" into company-wide complaints where a "plaintiff's claims are premised on a pattern or practice of discrimination at the organization-wide level", warrant "broader discovery" into NYU's treatment of all complaints against Mr. Robinson because the evidence indicates that NYU had a

---

28, 2023), https://nyunews.com/features/2023/10/27/athletics-director-robinson-misconduct/.
[3] Unless otherwise indicated, all citations have been "cleaned up".
[4] *See also United States Equal Emp., Opportunity Comm'n v. Bloomin' Apple Rockford I, LLC*, No. 04-C-50375, 2006 WL 8462139, at *4 (N.D. Ill. Jan. 24, 2006) (where the defendant relied on the effectiveness of its policy as an affirmative defense "the proper scope of discovery does include whether or not Defendants' policy was effective"); *Pianko v. Gen. R.V. Ctr., Inc.*, No. 20-CV-13371, 2023 WL 3600754, at *16 (E.D. Mich. May 23, 2023) (a defendant's "failure to enforce its Non-Fraternization Policy could strongly suggest that it similarly failed to enforce its other policies, including its Sexual Harassment Policy").

pattern or practice of failing to enforce its policies and ignoring complaints against Mr. Robinson. *Gunning v. New York State Just. Ctr. for Prot. of People With Special Needs*, No. 19-CV-1446, 2022 WL 783226, at *12 (N.D.N.Y. Mar. 15, 2022); *see also Chen-Oster*, 293 F.R.D. at 567 (same); *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85 (2d Cir. 1990) (reversing district court's denial of motion to compel company-wide evidence in pattern or practice case). Regardless of the type of complaint, "[e]vidence that [NYU] did not monitor the workplace, failed to respond to complaints, failed to provide a system for registering complaints, or effectively discouraged complaints from being filed [is] relevant" to establish NYU's liability and to rebut its affirmative defense that it had a meaningful anti-discrimination policy. *Vance v. Ball State Univ.*, 570 U.S. 421, 449 (2013).

### 2. NYU's Repeated Failure to Address Complaints Is Key to Punitive Damages

NYU also asserts that its "good faith efforts to comply with applicable anti-discrimination laws" bar an award of punitive damages. Answer, ECF No. 19 ¶ 76. Again, evidence of NYU's abject failure to discipline Robinson or take any other action to respond to repeated complaints of discrimination against him is relevant to rebut this defense and establish punitive damages.

To assess punitive damages, jurors consider the degree of reprehensibility of a defendant's conduct. *See Tse v. UBS Fin. Servs., Inc.*, 568 F. Supp. 2d 274, 313 (S.D.N.Y. 2008). "[C]onduct that risks harm to many is likely more reprehensible than conduct that risks harm to only a few. And a jury consequently may take this fact into account in determining reprehensibility." *Philip Morris USA v. Williams*, 549 U.S. 346, 357 (2007). The degree of reprehensibility is the most important factor in determining whether punitive damages should be awarded. *See Stampf v. Long Island R. Co.*, 761 F.3d 192, 209 (2d Cir. 2014).

Plaintiff requests discovery of documents that will show that Defendant repeatedly failed to address complaints filed against Mr. Robinson over his three years of employment, in addition to hiring him despite his public involvement in a previous discrimination suit. *See MacMillan v. Millennium Broadway Hotel*, 873 F. Supp. 2d 546, 566 (S.D.N.Y. 2012) (cases upholding significant punitive damages awards involve "repeated incidents of misconduct over a significant time period" and "repeated failures to address complaints of discrimination"). These documents go to NYU's tolerance of Mr. Robinson's discriminatory behavior toward many individuals and are highly relevant to punitive damages. *See, e.g., McElgunn v. CUNA Mut. Grp.*, 2008 WL 11505999, at *3 (D.S.D. Apr. 8, 2008) (permitting discovery of all complaints "[b]ecause the documents plaintiff requests may demonstrate that defendant['s] alleged conduct in this case occurs routinely and as a result risks harm to many").

Defendant should be compelled to produce all documents concerning complaints against Stuart Robinson.

Respectfully submitted,
Zoe Salzman
Ariadne Ellsworth