USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/9/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMERY LEON MITCHEM, JR.,

                      Plaintiff,

-against-

NEW YORK UNIVERSITY, et al.,

                      Defendants.

**ORDER APPROVING WITHDRAWAL OF FLSA CLAIM AND CLOSING CASE**

23-cv-07320 (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      The parties have consented to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

      On September 6, 2024 the parties reached a settlement of this matter that included Plaintiff withdrawing with prejudice any and all claims asserted under the Fair Labor Standard Act ("FLSA"). Having presided over the settlement conference and being fully informed of the strengths and weaknesses of the withdrawn FLSA claim, the Court finds that the aspect of the settlement agreement that includes the withdrawal of the FLSA claim is fair, reasonable, and adequate, consistent with *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 1999 (2d Cir. 2015). The settlement here was reached as a result of contested litigation to resolve bona fide disputes with the assistance of experienced counsel who negotiated at arms-length, and all of the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) are met.

      Insofar as the parties have reached a settlement in principle of all material terms (as reflected on a binding term sheet), this Court ORDERS that the above-entitled action be and is hereby DISMISSED and discontinued without costs, and without prejudice to the right to reopen

the action within 30 days of the date of this Order if the formal settlement agreement is not consummated.  **To be clear, any application to reopen must be filed by October 10, 2024; any such application filed thereafter may be denied solely on that basis.**  Further, requests to extend the deadline to reopen are unlikely to be granted.  If the parties wish for the Court to retain jurisdiction for the purposes of enforcing any settlement agreement, they must submit the settlement agreement to the Court by the deadline to reopen to be "so ordered" by the Court.  Unless the Court orders otherwise, the Court will not retain jurisdiction to enforce a settlement agreement unless it is made part of the public record.  Any pending motions are moot.  All conferences are canceled.  The Clerk of Court is directed to CLOSE the case.

**SO ORDERED.**

Dated: New York, New York
      September 9, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge